13cv3589

International Administrative Notice and Demand Petition Article one
Grievances of Treaty Stipulation
Peace and Friendship 1787 article 20 Breach

July 11th 2013

FILED
8-1-13
AUG 01 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

THE CAUSE NANYA AMIR;EL FOREIGN SOVEREIGN VS MCDONALDS CORPORATION US CITIZEN

ADJUDICATED 7TH OCTOBER 2009 FILED FOR ENFORCEMENT ONLY MAY 14TH 2013

REVISITING THE ACT OF STATE DOCTRINE 'EVERY SOVEREIGN STATE IS BOUND TO RESPECT THE INDEPENDENCE OF EVERY OTHER SOVEREIGN STATE, AND THE COURTS OF ONE COUNTRY WILL NOT SIT IN JUDGMENT ON THE ACTS OF THE GOVERNMENT OF ANOTHER, DONE WITHIN ITS OWN

REMEDY IS OWED BY FEDERAL EMPLOYEE TRUSTEE THOMAS M DURKIN ULTRA VIRIES TORTIOUSLY INTERFERE AFFECTING FOREIGN COMMERCE OF A FOREIGN NATION BY DISMISSAL WITHOUT PREJUDICE JUNE 13TH 2013 OMMISSIONS TO ENFORCE FOREIGN JUDGMENT NATIONAL INTERNATIONAL SECURITY FOREIGN POLICY INTEREST DAMAGED BY JUDICIAL INTERFERENCE

ADMINSTRATIVE INJUNCTIVE REMEDY ORDER REJECTING THE INTERFERENCE & LIBEL STRICKING IT FROM THE RECORDS NUNC PRO TUNC

The Foreign Consul Mahdi EL comes by special visitation non controversy rebuttals, But demonstrating the facts beganing by recognizing that the claimant Nanya-Amir;El as a Washitaw Apache Sovereign National with Royal blood Relative to Geronimo according to Self Authentic tribal documents blood evidence filed and acknowledged in the International Criminal Court victims unit in the haque the Netherlands, which Exist in agreement with International Republic Court of Judgment and Removal via Washitaw Apache and numberous other self autonomy tribal families Signatores forming a global Treaties etc not limited to the declaration on the rights of indigenous peoples in its entirety at arms length transaction, Sua Sponte Camp Holmes Treaty of 1835 mis spelled Washitaw as wichita being pre colonial with total independence from any European Rule, also acknowledging that the Washitaw peoples are the oldest indigenous peoples on earth by their own terms conditions predating Any European court system with Inheritant Rights with no need of validation or legitimate of the new comers colony of Great Britain united states a for profit corp et al Johnson vs Mcintoch 21 us (8 wheat 543, 5 l ed. 681 (1823) I as foreign consul of the Washitaw people Im empowered to reject any decisions adverse to Washitaw peoples self Standing Status, also brings to light U.N. center for human rights Recognize Washitaw whom predates all other indigenous peoples issued U.N. 215-93 in Switzerland They Wastitaws Accepted @ arms length transaction The Washitaw are world recognized since 1993 With or Without the united states corporation recognition per Title 18 112 claimant Nanya - Amir El is proceeded by foreign consul My self Mahdi El as clearly stated in id# 17 filed in the record of the district court 5/14/2013 so this

eliminates the prose filings and title 28 1915 (e)(2)(b) misc filing fee is 46 usd paid in Full status According to federal laws federal courts acknowledge their was no informas pauperous for the record because the fee was paid in full title 28 1915 was inappropriately filed is in grave error in total negligence liability on the courts. Nunc pro tunc. eeoc was give notice that the cause was adjudicated under international law by UPU standards eeoc was notified on first August 12th 2009 regular mail $100 stamped mail and never responded nor acted and notified secondly January 20-2012 @ 10 05 am by certified mail 70111150000041094330 That the matter was transferred & forfeited to another foreign venue not needing to issue a notice of private suite administrative laws was properly applied October 7th 2009 this court has no authority to impose any construed opinions based on the terms of the foreign security language that would be affecting foreign commerce ' Affidavit of discrimination liability against Mcdonalds bars any such diminishes received "November 30 2007 certified mail# 7007 0220 0002 6852 5257 10:51 am which remains unrebutted and valid regardless nor Affidavit of non response notice stipulation of enforcement of default monetary judgment certified mail # December 13th 2007 7007 1490 0003 2168 6608 not needing terms of eeoc issuance of notice of right to sue the claimant needs not to rely on eeoc quoted case worth vs tyer, 276 f ed 249 ,259 (7th cir. 2001) Which is rejected its been 5 years uncontested is solidified as factual via treaty of peace n friendship 1787 articles 20 which is the supreme laws of the land in which the federal employee took a oath to uphold the words used to describe the Washitaw peoples shows hatred & prejudice statements which are offensive discriminatory ,for the record based on the conditions set in language of the affidavit s issued against Mcdonalds prohibits the type of bias attacks in reference to the defective order issued June 13 2013 by Mr durkin which was inappropriate unprofessional and ultravires and rejected finally the case being filed in Illinois is proper venue do to the franchisor consented to, or knowingly acquiesced to ,a franchisee's exercise of authority as a third party we reasonably relied on the representation or had a good faith belief that the franchisee had the right to exercise authority for the franchisor as a reliance, the victim acted believing that the policy of non discrimination & equal opportunity but it is not so causing the victim to be damaged 1993 Illinois supreme court precedence THE CLERK OF THE COURTS FAILED TO ENFORCE THE SPECIAL DEPOSIT BY MISAPPROPRIATED THE LANGUAGE DELAYING AND AFFECTING FOREIGN COMMERCE THE ONLY CURE IS TO STRICKEN THE JUNE 13TH 2013 ORDER BY FEDERAL EMPLOYEE DURKIN AND SUBMIT FORM 95 TO THE ADMINSTRATIVE BODIES IN DC WHICH WILL BE NOTIFIED TO PROHIBIT ANY ADMINSTRATOR OF JUSTICE FROM EXERCISING TITLE 636 WITHOUT A CONTRACT THE MATTER IS RES ADJUDICATA AND FINAL FROM A FOREIGN COURT . THE CLERK OF THE COURT IS ONLY TO ENFORCE THE FOREIGN JUDGMENT

CC WITNESSING COUNTRY COUNTRY

CC WITNESSING COUNTRY

CHINA

NIGERIA

CC WITNESSING COUNTRY

CC Nanya Amir: El

GREAT BRITAIN

Pursuant to Convention of taking evidence abroad enforced October 7th 1972
BY THE FOREIGN CONSUL OF THE RECORD

VICEROY KEVIN HAND QUARTERS

AUG 9TH 2007

RESPONDANT     ILLINOIS HUMAN RIGHTS DEPARTMENT
                     100 W RANDOLPH STREET 10TH FLOOR CHICAGO IL 60601
                     INTAKE UNIT

Notice & Greeting  I m Vice Roy kevin Hand   I m the lawful Spokeman  for his greatness Nanya-Amir:El  a Sovereign Cardholder of the MST OF A with  Royal Apache & Washitaw bloodlines being Tribal Sovereign foreign Nationals our ancestors the rightful land owner s of North America  With Aboriginal Title we exercise sovereign inheritant  powers over all occupying companies on our tribal lands in North American  his greatness  Nanya- Amir: El was discriminated  by MCDONALDS FAMILY Restaurant  July 1st & 5th 2007 with Former wba champion of the world Nate Miller as his star witness ,He was insulted discriminated not hired because he had a beard a religious violation ,this incident  happened in  Philadelphia Pennsylvania but under vicarious liability MCDONALDS CORPORATION in Chicago is also liable if not fully liable  do to the chain core concept equal opportunity  employment non discrimination Accordenly  MCDONALDS FAMILY RESTAURANT in Philadelphia misrepresented to others that the franchisee was acting on its franchisors behalf ,or the franchisor consented to, or knowingly acquiesced to ,the franchisee's exercise of authority as a third party we reasonably relied on the representation or had a good faith belief that the franchisee had the right to exercise non discrimination  authority for the franchisor as a reliance, the victim acted believing that it non discrimination but in fact it not a equal opportunity causing the victim to be damaged as a result

PLEASE FORWARD THE PROPER DOCUMENTS TO  VICE ROY HAND QUARTERS 2100  chestnut street  7th   FLOOR PHILADELPHIA PENNSYLVANIA EXEMPT  (07) IF WE DONOT HEAR ANYTHING THIS OFFICE WE WILL PROCEED  WITH OUR INTERNATIONAL ADMINSTRATIVE PROCESS AGAINST MCDONALDS CORPORATION WHICH WILL BE NOTIFIED AND HELD ACCOUNTABLE

                             Sincerally *KEVIN HAND*
                             _____

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2601
TTY (215) 440-2610
FAX (215) 440-2606, 2604, 2632 & 2805

# EEOC APPOINTMENT

NAME _Amin N. El_
INQUIRY NUMBER _530-2007-03918_

Your scheduled appointment time to have an intake interview with an Investigator concerning the possible filing of a charge of employment discrimination is as follows:

DAY: _Tuesday_   DATE: _Sept 19, 2007_   TIME: _1030_

YOUR INTERVIEWER: _Mr. J. Danese_

In order to facilitate the charge taking procedure, you should bring with you relevant notes, documents or letters as well as names, addresses and telephone numbers of any witnesses or other materials that you believe may support your charge. Also, if you have been given a questionnaire by EEOC, please complete and bring this with you.

**Please note that the intake appointment is normally scheduled for two hours.** This length of time is needed to insure that all intake processing and counseling can be completed without the need for you to return again to the office. Therefore, please schedule your other appointments accordingly to permit you to keep this EEOC appointment. In addition, please insure that you make travel and parking arrangements suitable to enable you to remain in the office during the allotted interview time.

PLEASE REPORT ON TIME AS INDICATED ABOVE. PLEASE NOTE THAT IF YOU ARRIVE MORE THAN 15 MINUTES AFTER THE SCHEDULED APPOINTMENT TIME, WE WILL MOST LIKELY BE UNABLE TO KEEP YOUR APPOINTMENT TIME AVAILABLE FOR YOU AND YOUR APPOINTMENT WILL NEED TO BE

RESCHEDULING. YOU SHOULD NOTE THAT A RESCHEDULED APPOINTMENT DATE WILL PROBABLY BE 4-6 WEEKS AFTER YOUR ORIGINAL APPOINTMENT. THUS, IT IS TO YOUR ADVANTAGE TO KEEP THE ORIGINAL APPOINTMENT. CALLS FOR CANCELLATION AND SUBSEQUENT RESCHEDULING SHOULD BE MADE TO THE CHARGE RECEIPT/TECHNICAL INFORMATION UNIT AT (215) 440-2607. PLEASE STATE YOUR NAME, SPELL THE LAST NAME, GIVE THE DATE AND TIME OF THE PREVIOUS APPOINTMENT AND LEAVE A PHONE NUMBER WHERE YOU MAY BE REACHED DURING THE DAY. YOUR CALL WILL BE RETURNED AS SOON AS POSSIBLE.

Your signature below indicates your receipt of this document:

Signature: _by phone_   Date: _8-29-07_

*Present this form to the Receptionist when you arrive at our office.*   Rev. 8/28/07

Chairperson
STEPHEN A. GLASSMAN
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
DANIEL D. YUN
Executive Director
HOMER C. FLOYD



COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TTY)

COMMISSIONERS
DAVID A. ALEXANDER
M. JOEL BOLSTEIN
TIMOTHY CUEVAS
REV. DR. JAMES EARL GARMON, SR.
TONI M. G. HOOLEY
J. WHYATT MONDESIRE
KWEILIN NASSAR
DANIEL L. WOODALL, JR.

www.phrc.state.pa.us

October 15, 2008

Nanya A. El
1701 S. 19th Street - 3rd Floor
Philadelphia PA 19145

RE: Nanya A. El v MCDONALD'S FAMILY RESTAURANT
    Case No. 200706013

Dear Nanya El:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission (PHRC). As you are aware, the U.S. Equal Employment Opportunity Commission (EEOC) has docketed and is processing your complaint. The PHRC has been holding your complaint in abeyance pending the completion of EEOC's processing of your case.

You elected to have EEOC conduct the investigation and filed your complaint with PHRC to preserve your rights under state law. Because it is more than one year since you filed your complaint with PHRC, you now have the right to file a complaint in the appropriate Pennsylvania court of common pleas. This right is provided under Section 12(c) of the Pennsylvania Human Relations Act (PHRAct), 43 P.S. Subsection 962(c). Please be advised that you are not required to file such an action in state court. If you believe that you might want to take your case to state court, we suggest that you consult a private attorney, so that your attorney may weigh the benefits of filing in state court.

It is the PHRC's intention to close your case based on the accrual of the right to file in state court and the continued assumption of investigative jurisdiction by EEOC unless you advise us that you want PHRC to keep your case open. If you do not contact PHRC **in writing within 30 days** of the date of this letter and request PHRC to keep your case open, it will be assumed that you want EEOC to continue to process your case and PHRC will close your case administratively.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the PHRC with a copy of the Court complaint. This copy must be served on PHRC at the same time you file it in Court. The copy is to be sent to: Michael Hardiman, Chief Counsel, at the above listed address.

Sincerely,

William G. Smithey, Jr.
Assistant to the Director of Compliance

WGS: cmw

L1K1YR

Chairperson
STEPHEN A. GLASSMAN
Vice Chairperson
RAQUEL O. YIENGST
Secretary
DANIEL D. YUN
Assistant Secretary
REV. DR. JAMES EARL GARMON, SR.
Executive Director
HOMER C. FLOYD



Commissioners
ISMAEL ARCELAY
M. JOEL BOLSTEIN
J. WHYATT MONDESIRE
S. KWEILIN NASSAR
GERALD S. ROBINSON
SYLVIA A. WATERS
DANIEL L. WOODALL, JR.

**COMMONWEALTH OF PENNSYLVANIA**
**Human Relations Commission**
301 Chestnut, Suite 300
Harrisburg, PA 17101-2702
(717) 787-4410 voice
(717) 787-4087 TTY
www.phrc.state.pa.us

October 1, 2009

Nanya A. El
1701 S. 19th Street - 3rd Floor
Philadelphia PA 19145

RE: Nanya A. El v MCDONALD'S FAMILY RESTAURANT
Case No. 200706013

Dear Nanya El:

It has been two years since you filed your complaint with the Pennsylvania Human Relations Commission (PHRC). As you are aware, the U.S. Equal Employment Opportunity Commission (EEOC) has docketed and is processing your complaint. The PHRC has been holding your complaint in abeyance pending the completion of EEOC's processing of your case.

You elected to have EEOC conduct the investigation and filed your complaint with PHRC to preserve your rights under state law. After one year, PHRC notified you of your right to file a complaint in the appropriate Pennsylvania court of common pleas. This right is provided under Section 12(c) of the Pennsylvania Human Relations Act (PHRAct), 43 P.S. Subsection 962(c). Please be advised that you are not required to file such an action in state court. If you believe that you might want to take your case to state court, we suggest that you consult a private attorney, so that your attorney may weigh the benefits of filing in state court. Under the PHRAct, should you decide to file such an action, it must be filed within two years after the date of notice from the PHRC closing your case.

It is the PHRC's intention to close your case based on the accrual of the right to file in state court and the continued assumption of investigative jurisdiction by EEOC unless you advise us that you want PHRC to keep your case open. If you do not contact PHRC **in writing within 30 days** of the date of this letter and request PHRC to keep your case open, it will be assumed that you want EEOC to continue to process your case and PHRC will close your case administratively.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the PHRC with a copy of the Court complaint. This copy must be served on PHRC at the same time you file it in Court. The copy is to be sent to: Michael Hardiman, Chief Counsel, at the above listed address.

Sincerely,

William G. Smithey, Jr.
Assistant to the Director of Compliance

WGS: cmw



INDIGENOUS PEOPLES HERITAGE SOCIETY

Chaplian El 215 387-6155
LAVA BUILDING 3RD FLOOR
4134 LANCASTER AVENUE PHILADELPHIA PENNSYLVANIA 19103

Respondent eeoc 530-2007-03918   August 12th 2009
EL VS MCDONALDS

(SUPPORTER OF EEOC )Notice We are contacting you regarding The Above reference case. We are the authorized authorities to pick up transfer and adjudicate this matter, whom is within the Foreign Tribel Territories this matter has been sitting for two years and Mcdonalds Corporation / Family Restaurant nor none of its legal representatives has not answered any mail correspondence or phone calls and are bound to various International Stipulations in our Tribal Venue via Affidavits Terms submitted to their franchisor/ franchisee in Conjunction with The declaration on the rights of indigenous peoples articles 1- 40 protected under Precolony Treaties and Modern Conventions regarding indigenous human rights and immunities eeoc has to cooperate with us as it does the city and states if we do not hear from this office we will construe your acqience as a private rights to sue exhausting adminstrative proceedings

if any questions please contact the above number or above address

_____

CERTIFICATE OF FOREIGN SERVICE
PUT IN TO USPS MAIL  REGULAR MAIL $100 on
ADDRESSED TO 801 MARKET STREET PH SUITE  1300 PHILADELPHIA PENNSYLVIA 19107 BY IPHS MEMBERSHIP 4134 LANCASTER AVENUE PHILADELPHIA PA 19104



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nanya-Amir: El, | ) | |
| | ) | No. 13 C 3589 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| McDonald's Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pro se Plaintiff Nanya-Amir El, a "tribal foreign national" of the Unity Washitaw Nation,[1] brings this employment discrimination lawsuit against Defendant McDonald's Corporation.[2] Under 28 U.S.C. § 1915(e)(2)(B), this Court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. *Id.*; *Rowe*

---

[1] The Washitaw Nation appears to be an entity formed by individuals who "attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *Hampton v. City of Durham*, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 2, 2010). Numerous courts, including the Seventh Circuit, have found that this organization is not a valid legal organization. *See Sanders-Bey v. United States*, 267 Fed. Appx. 464, 466 (7th Cir. 2008) (finding the "Washitaw Nation . . . is not recognized by the United States government"); *see also Bybee v. City of Paducah*, 46 Fed. Appx. 735, 736-37 (6th Cir. 2002) (finding "Nation of Washitaw" to be "fictional").

[2] Plaintiff has (invalidly) attempted to style his filing as a registration of foreign judgment. According to plaintiff, the "Washitaw Arbitrator Chief" of the "International Republic Court of Judgment Removal" granted plaintiff's petition for summary judgment on October 7, 2009 and ordered defendant to pay plaintiff $500,000. This is not a valid registration of a foreign judgment, and the Court expresses skepticism about the validity of this filing. In any event, the Court has construed plaintiff's filing as a complaint of employment discrimination.

1

*v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because plaintiff is proceeding pro se, the Court construes his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For the reasons stated below, the Court dismisses plaintiff's complaint without prejudice.

According to the complaint, when plaintiff applied to work for the defendant on July 1, 2007, an employee returned the application, informing him that defendant would not hire him because of his beard. When plaintiff returned two days later, another employee reiterated the same message. Plaintiff alleges that he wears his beard for religious reasons. The alleged discrimination occurred at a McDonald's in Philadelphia, Pennsylvania. Plaintiff's complaint, originally filed in the "International Republic Court of Judgment and Removal,"[3] alleges that he filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 18, 2007 and the "Illinois/Pennsylvania Department of Human Rights" on August 9, 2007 and that copies of the charges are attached to the complaint. (They are not.) According to plaintiff, the EEOC has not issued a right to sue letter.

The receipt of a right-to-sue letter is a statutory prerequisite to bringing a federal employment discrimination suit. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). Moreover, "dismissal is appropriate in cases where it is clear from the face of the complaint that the plaintiff has failed to exhaust administrative remedies." *Bibbs v. Sheriff of Cook Cnty*, No. 10 C 7382, 2011 WL 5509556, at *3 (N.D. Ill. Nov.

---

[3] The Court has been unable to find any evidence that such a court exists.

8, 2011) (citing *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (plaintiff may plead himself out of court by "alleging facts that are sufficient to establish the defense")); *Gragg v. Wenzak, Inc.*, No. 10 C 3276, 2011 WL 1331897, at *4 (C.D. Ill. Apr. 6, 2011) (dismissing plaintiff's complaint without prejudice because plaintiff specifically alleged she did not receive right-to-sue letter). Plaintiff says he has not received a right to sue letter. Accordingly, his complaint is premature based on his failure to exhaust his administrative remedies before the EEOC.[4] Plaintiff's complaint is therefore dismissed without prejudice.

ENTERED:

Thomas M. Durkin
United States District Judge

Dated: June 13, 2013

---

[4] The Court observes that if, as plaintiff alleges, he filed a charge with the EEOC on September 18, 2007, it is unlikely that that the EEOC has not yet issued a right to sue letter. And even if it had, it further appears likely that any complaint filed now based on that right to sue letter would be outside the statute of limitations. The Court further questions whether venue is proper in this district since the alleged discrimination occurred in Pennsylvania.

3

AFFIDAVIT OF FOREIGN SERVICE

THE USPS THIRD PARTY COURIER WHO COLLECTS PROCESS AND DISTRIBUTE MAIL AND GUARENTEE DELIVERY VIA UPU OF THE FOLLOWING ARTICLES SENT TO FEDERAL EMPLOYEE THOMAS M DURKIN FEDERAL EMPLOYEE 219 SOUTH DEARBORN STREET COURTROOM 1725 CHAMBERS 1764 CHICAGO ILLINOIS 60604

INTERNATIONAL ADMINSTRATIVE NOTICE AND DEMAND PETITION ARTICLES ONE GRIEVANCES TREATY STIPULATION PEACE & FRIENDSHIP 1787 ARTICLE 20 BREACH

AUG 9TH 2007 ILLINOIS HUMAN RIGHTS DEPARTMENT
SEPTEMBER 19TH 2007 EEOC APPPOINTMENT
OCTOBER 15TH 2008 COMMONWEALTH OF PENNSYLVANIA HUMAN RIGHTS COMMISSION
AUGUST 12TH 2009 INDIGENOUS PEOPLES HERITAGE SOCIETY
OCTOBER 1 2009 COMMONWEALTH PENNSYLVANIA HUMAN RIGHTS COMMISSION

CONVENTION ON TAKING INTERNATIONAL EVIDENCE ABROAD ENFORCED OCTOBER 7TH 1972

219 SOUTH DEARBORN STREET COURT ROOM 1725 CHAMBERS 1764 CHICAGO ILLINOIS 700832000144204594
_7_ / _16_ / _2013_

FROE 902 B

BY THE FOREIGN CONSUL OF THE RECORD

JESUSI QUOMUNITI QOWNCELL
1211-13 vine street SUITE 116-20
philadelphia pennsylvania non
domestic
[19107]

Federal Employee Thomas H. Durkin only
Court Room 1725, Chambers 1764
219 South Dearborn Street,
Chicago, Illinois 60604



7008 3230 0001 4420 4594

CERTIFIED MAIL

USPS 1000 60604

U.S. POSTAGE PAID
PHILADELPHIA, PA
19104
JUL 16, '13
AMOUNT
$4.42
00038924-14

INSPECTED U.S. Marshals