UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nanya-Amir: El, | ) | |
| | ) | No. 13 C 3589 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| | ) | |
| McDonald's Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On October 28, 2013, this Court ordered pro se plaintiff Nanya-Amir: El to file a report detailing his efforts to obtain a right-to-sue letter from the EEOC. R. 8. On November 18, 2013, this Court received a "notice" from plaintiff, which the Court construes as the report the Court requested. R. 9. Absent from that notice, however, is any explanation from plaintiff regarding why he failed to take any action after the EEOC failed to respond to his August 12, 2009 inquiry. Instead, in the notice, plaintiff states that after the EEOC failed to respond to his August 12, 2009 inquiry, his "aboriginal court took the matter" pursuant to their internal protocol, adjudicated it, and issued an order on October 7, 2009 sanctioning McDonald's for the employment discrimination plaintiff allegedly suffered. *Id.*

As the Court stated in its earlier June 13, 2013 order, plaintiff's original complaint, styled as a registration of a foreign judgment, was not a valid registration of a foreign judgment. The Court questioned the validity of that filing, and plaintiff has presented nothing to alter the Court's skepticism. With this notice,

1

plaintiff continues to argue that the order of the "International Court of Judgment Removal" adjudicating his claim and awarding him $500,000 from defendant is a valid foreign judgment. Not so. The Court has already rejected that argument, and will not reconsider it here.

Plaintiff again has provided no explanation as to why he failed to take any action with the EEOC after the EEOC presumably failed to respond to his August 12, 2009 inquiry until he filed suit on June 13, 2013, nearly four years later. Indeed, plaintiff affirmatively states that instead of further pursuing the matter with the EEOC, he pursued his claim in "his" (unrecognized) court. Accordingly, the Court finds that plaintiff has failed to demonstrate that he diligently and timely pursued this federal action. To the extent plaintiff was moving to reconsider this Court's original dismissal of his claims, the Court denies that request. The case will remain closed.

Another note. This is the Court's third opinion dealing with this case. Although the plaintiff has been given the leeway the law suggests should be given to pro se litigants, any further filings which this Court believes to be frivolous will subject the plaintiff to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

ENTERED:

*Thomas M Durkin*

Thomas M. Durkin
United States District Judge

Dated: November 22, 2013

2